IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID MICHAEL SHEID, ) | |
| # 31957177, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:19-CV-673-B-BH |
| ) | |
| WARDEN UNDERWOOD, et al., ) | Referred to U.S. Magistrate Judge[1] |
|     Respondents. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on March 19, 2019 (doc. 3). Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED** as moot.

**I. BACKGROUND**

David Michael Sheid (Petitioner) was detained at FCI Seagoville, in Seagoville, Texas serving a sentence in Cause No. 4:03-CR-336 (N.D. Tex.), when his petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241 was received. (*See* doc. 3.) He sought to challenge the way his sentence was being calculated by prison authorities. (*See id.* at 2, 8; doc. 4 at 6.)

On February 19, 2020, the Government filed a notice advising that Petitioner was released from the custody of the Bureau of Prisons on December 18, 2019. (*See* doc. 16.) On February 20, 2020, Petitioner was ordered to file a response to the notice in which he specifically addressed the effect of his release on his pending § 2241 petition, including whether the petition was moot. (*See* doc. 17.) He was warned that failure to comply with the order could result in the dismissal of the case under Fed. R. Civ. P. 41(b). (*See id.*) The February 20, 2020 order was returned as

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

undeliverable.  (*See* doc. 18.)

## II.  JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit.  This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

Here, Petitioner requested that the Court "recalculate [his] sentence in accordance with the First Step Act's good-time-fix and release [him] on [his] newly calculated projected release date." (*See* doc. 3 at  8.)  It is undisputed that he has now been released, which is all of the relief he requested.  Because it appears that he has now received all of the relief that he sought, his § 2241 petition is moot and should be dismissed.

## III.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** as moot.

**SIGNED this 23rd day of March, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE